39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin Antonio SPENCER, Defendant-Appellant.
 No. 94-5319.
 United States Court of Appeals, Fourth Circuit.
 Submitted September 26, 1994.
Decided October 26, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (CR-92-26)
 Rudolph A. Ashton III, Scott C. Hart, Sumrell, Sugg, Carmichael & Ashton, P.A., New Bern, NC, for appellant.
 Janice McKenzie Cole, U.S. Atty., Peter W. Kellen, Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WILKINSON and HAMILTON, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Calvin Antonio Spencer pled guilty to bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1994) (Count One), and use of a firearm in a crime of violence, 18 U.S.C.A. Sec. 924(c) (West Supp.1994) (Count Two). He was sentenced as a career offender. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1993). The district court imposed a term of 210 months on Count One, and a consecutive 60-month sentence on Count Two. Spencer appeals this sentence, contending that the district court erred in finding him a career offender. We affirm.
 
 
 2
 A defendant is a career offender if he was at least eighteen years old at the time of the instant offense, the instant offense is a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Spencer had a prior conviction for sale of cocaine and a prior conviction for sale and delivery of cocaine. He argued at sentencing that both offenses were related cases and should count as one because he was sentenced for both on the same day. USSG Sec. 4A1.2, comment. (n.3). However, the district court correctly found that the cases were not related because Spencer was arrested for the first offense in March 1990 and for the second offense in August 1990. Prior sentences imposed at the same time are not related when there is an intervening arrest. Id. We find no error in the district court's determination that Spencer is a career offender.*
 
 
 3
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Spencer also argues that his prior conviction for assault on a female was not a felony. We need not reach this issue